**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| LAFITTE'S COVE AT PIRATES' BEACH NATURE SOCIETY, | § § § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. G-04-185 |
| v. | § § | |
| U.S. ARMY CORPS OF ENGINEERS, et al., | § § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY**
**DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**

This case arises out of the permit application process for a development on the west end of

Galveston Island.  Plaintiff Lafitte's Cove at Pirates' Beach Nature Society ("Plaintiff") brought suit

against Defendants U.S. Army Corps of Engineers (the "Corps"), Colonel Leonard D. Waterworth

("Waterworth"), and various other Defendants (collectively "Defendants"), in May, 2004, alleging

that the Corps failed to sufficiently analyze the cumulative impact of certain development projects

on the west end of Galveston Island.  Plaintiff and Defendants filed competing Motions for Summary

Judgment.  On December 14, 2004, this Court issued an Order Granting Plaintiff's Motion for

Summary Judgment and Denying Defendants' Motion for Summary Judgment ("the 2004 Order"),

which also enjoined Permit 22790 and all further work on the Harbor and Sanctuary development

pending proper analysis of the permit application by the Corps.  A Final Judgement was issued

concurrently with the Order.  On January 16, 2007, the Corps and Waterworth filed an Opposed

Motion for Relief from Judgment, to which Plaintiff timely filed a Response.  On January 17, 2007,

Plaintiff filed an Opposed Motion to Show Cause as to Why Defendants Should Not Be Held in Contempt, to which Defendants timely filed a Response. For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Show Cause Why Defendants Should Not Be Held in Contempt and **DENIES** Defendants' Motion for Relief from Judgment.[1]

## I. Background

In 2002, Oly Galveston Partnership, GP ("Oly") applied to the Corps for a permit for the Harbor and Sanctuary housing development (the "Harbor"). Oly requested to build the Harbor on a spoil disposal area ("Area A") that had previously been designated as a future maintenance dredge location for the Pirate's Cove Section 6 development, which is now known as Lafitte's Cove. Plaintiff is responsible for maintaining the canals in Lafitte's Cove, and, during the public comment portion of Oly's application process for a permit to build the Harbor, it expressed concerns about the use of Area A. Oly responded that the permit designating Area A as a spoil disposal area, Permit 17800, also designated other spoil disposal areas, Areas B, C, and D. Areas B, C, and D were not designated as future maintenance dredge locations in Permit 17800. The Corps found that the use of Area A had no significant impact, and it issued the permit for development of the Harbor on Area A ("Permit 22790").

Plaintiff filed suit against the Corps and other defendants alleging that the Corps violated the National Environmental Policy Act (NEPA), 42 U.S.C. § 4332, because it failed to conduct a proper cumulative impacts analysis and failed to analyze the environmental impacts of the loss of Area A. The Corps contended that it did conduct a proper cumulative impacts analysis and that it was not

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

cont

required to specifically analyze the loss of Area A.  The Court considered all the arguments and granted summary judgment in favor of Plaintiff.  The Court also enjoined Permit 22790 and all further work on the Harbor pending proper analysis of the permit application by the Corps.

Oly is now Blackard Pirates Galveston Development, LP ("Blackard").  In April, 2005, Blackard filed a request with the Corps to amend Permit 17800.  Blackard proposed that Areas A, C, and D be deleted and that a reconfigured Area B be designated as the permanent disposal maintenance area.  Plaintiff opposed the amendment and submitted comments expressing its concerns.  Nevertheless, the Corps approved the amendment.

The Corps subsequently submitted its Motion for Relief from Judgment, requesting that the Court lift the injunction.  Plaintiff is vigorously opposed to Defendants' Motion and alleges that the Corps' authorization of the amendment to Permit 17800 was a violation of this Court's injunction and an attempt at an end run around the 2004 Order.  Thus, Plaintiff is requesting a Show-Cause Hearing to determine if Defendants should be held in contempt.

## II.  Motion for Order to Show Cause

### A.  Legal Standard

If a party "'violates a definite and specific order of the court requiring him to . . . refrain from . . . a particular act or acts,'" the party may be held in contempt of court. *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (quoting *Sec. & Exch. Comm. v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1976)).

> The movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order.

*Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987) (citations omitted). Thus, the movant must establish the elements by "'evidence so clear, direct and weighty and convincing'" that the trier of fact "'come[s] to a clear conviction, without hesitancy, of the truth of the precise facts.'" *See Travelhost, Inc.*, 68 F.3d at 961 (quoting *In re Medrano*, 956 F.2d 101, 102 (5th Cir. 1992) (citations omitted)) (adopting the standard for "clear and convincing evidence" in contempt proceedings).  A district court's finding of civil contempt will not be overturned unless it is clearly erroneous. *See id.*

B.  *Analysis*

The Parties do not dispute that a Court Order was in effect or that the Corps was given specific instructions in said Order.  Thus, the sole dispute is whether the Corps' actions violated those specific instructions.  Plaintiff alleges that the Corps, by approving a change in Permit 17800, violated the 2004 Order.

The 2004 Order did not state that the Corps could not change Permit 17800.  Rather, the 2004 Order specifically stated that the Corps must perform an Environmental Assessment consistent with the terms outlined in the Order and that Permit 22790 and all further work on the Harbor are enjoined pending a proper analysis of the permit application (for Permit 22790) by the Corps.  While it is clear that the amendment to Permit 17800 affects whether Blackburn will be able to use Area A to develop the Harbor, Blackburn still does not have a permit for the Harbor's development due to the Court's injunction of Permit 22790.  There is also no evidence that Blackburn has violated the injunction by actually working on the Harbor.  The amendment to Permit 17800, rather than being an attempt at an end run around the Court's injunction, appears to be a preparatory move so that work can commence should the Court rule in Defendants' favor on their Motion to Lift the Injunction.

4

Bearing in mind that the Corps is an organ of the U.S. government, the Court is loathe to find contempt absent contumacious conduct, and the actions by the Corps in this instance do not even remotely rise to that level. Thus, Plaintiff's Motion is **DENIED**.

## III.  Motion for Relief from Judgment

The Corps claims that it has complied with all of the terms in the Court's 2004 Order and requests that the Court lift the injunctions imposed therein.  Plaintiff claims that the Corps' approval of Permit 17800 is, like the issuance of Permit 22790, an example of the Corps' acting without properly considering the cumulative environmental impacts of its actions.  Plaintiff states that the Corps approved the amendment to Permit 17800 without submitting an analysis of the environmental impacts of the loss of Area A.  The Corps denies Plaintiff's allegation, and it attached an Environmental Assessment and Statement of Findings for the amendment to Permit 17800 to its Motion to Lift the Injunction.   Whether the Corps appropriately assessed the cumulative environmental impacts of its removal of Area A according to the standards set forth in NEPA is a highly contested question of fact that is intricately intertwined with the concerns the Court expressed in the 2004 Order.  Obviously, the Court's injunction of Permit 22790 will not be lifted on the basis of an amendment to another permit, if said amendment is in violation of NEPA.

The matters addressed in the 2004 Order are of plethoric importance to this Island and her citizens.  The issues presented in Defendants' Motion for Relief from that injunction are multifarious and complex, and an improper ruling could potentially have devastating effects.  Therefore, the Court will not lift the injunction unless the Corps convinces it, during a **full trial on the merits**, that it has complied with the 2004 Order and addressed all of the issues the Court identified in that Order.  The Corps' Opposed Motion for Relief from Judgment is **DENIED**.

5

## IV. Conclusions

For the reasons stated above, Plaintiff's Opposed Motion to Show Cause as to Why Defendants Should Not Be Held in Contempt is **DENIED**.  Defendants' Opposed Motion for Relief from Judgment is likewise **DENIED**.  Each  Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 15th day of February, 2007, at Galveston, Texas.

Samuel B. Kent
United States District Judge